UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BAILEY N.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C19-5326 RSL

ORDER AFFIRMING DENIAL OF BENEFITS

Plaintiff Bailey N. appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner"), which denied her application for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Commissioner's decision is AFFIRMED and the case is DISMISSED with prejudice.

## I.    FACTS AND PROCEDURAL HISTORY

Plaintiff is a 28-year-old woman with a high school education. See Admin. Record ("AR") at 48, 69. Plaintiff applied for benefits, alleging disability as of September 7, 2007. Id. at 69, 155-60. Her claims were denied on initial administrative

ORDER AFFIRMING DENIAL OF BENEFITS - 1

review and on reconsideration. Id. at 68-88. On September 13, 2017, ALJ Gerald Hill held a hearing, at which Plaintiff and a vocational expert testified. Id. at 30-67.

On March 1, 2018, ALJ Hill issued a decision denying Plaintiff's claim for benefits. Id. at 15-22. The Appeals Council denied review. Id. at 1-3. Plaintiff then sought review before this Court. Compl. (Dkt. #3).

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. §405(g), the Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. Id.

## III. EVALUATING DISABILITY

Plaintiff bears the burden of proving that she is disabled within the meaning of the

Act.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999).  The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment that has lasted, or is expected to last, for a continuous period of not less than 12 months.  42 U.S.C. §1382c(a)(3)(A).  A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §1382c(a)(3)(B); see also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  See 20 C.F.R. §416.920.  The claimant bears the burden of proof during steps one through four.  Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 689 (9th Cir. 2009).  At step five, the burden shifts to the Commissioner.  Id.  If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §416.920(b).[1]  If she is, disability benefits are denied.  If she is not, the Commissioner proceeds to step two.  Id.  At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities.  20 C.F.R. §416.920(c).  If the

---

[1] Substantial gainful activity is work activity that is both substantial, *i.e.*, involves significant physical and/or mental activities, and gainful, *i.e.*, performed for profit.  20 C.F.R. §416.972.

claimant does not have such impairments, she is not disabled.  Id.  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §416.920(d).  A claimant whose impairment meets or equals one of the listings for the required 12-month duration is disabled.  Id.

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work.  20 C.F.R. §416.920(f).  If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §416.920(g); Tackett, 180 F.3d at 1099-1100.  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.  20 C.F.R. §416.920(g).

## IV.     DECISION BELOW

On March 1, 2018, ALJ Hill issued a decision finding the following:

1. The claimant has not engaged in substantial gainful activity since January 8, 2016, the application date.  See 20 C.F.R. §416.971-76.

2. The claimant has the following severe impairments:  Partially resected

ganglioneuroma communicated to the spinal column; chronic migraines and tension headaches, not intractable; and obesity. See 20 C.F.R. §416.920(c).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. §§416.920(d), 416.925(d), 416.926.

4. The claimant has the RFC to perform the full range of medium work as defined in 20 C.F.R. §416.967(c).

5. The claimant has no past relevant work. See 20 C.F.R. §416.965.

6. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform. See 20 C.F.R. §§416.969, 416.969(a).

7. The claimant has not been under a disability, as defined in the Act, since January 8, 2016, the application date. See 20 C.F.R. §416.920(g).

AR at 15-22.

## V.  ISSUE ON APPEAL

The issue on appeal is whether the ALJ erred in evaluating Plaintiff's migraine headache symptom testimony. Pl. Op. Br. (Dkt. #9) at 2. Plaintiff argues that, if the Court finds error, it should remand this matter for an award of benefits. Id. at 2-3.

## VI.  DISCUSSION

Plaintiff argues that ALJ Hill failed to account for Plaintiff's migraine symptom testimony in the RFC. Pl. Op. Br. at 2. Plaintiff's argument is fundamentally flawed because it assumes that ALJ Hill accepted Plaintiff's testimony regarding the severity of her migraine headache symptoms. See id. But ALJ Hill did not accept that testimony. ALJ Hill instead noted that Plaintiff's headaches were well-controlled on medication, that Plaintiff primarily experienced them during her menses, and that they were less intense as

of February 2016. AR at 19. ALJ Hill noted that Plaintiff reported in her migraine log experiencing intense headache pain about once a month, lasting a couple of days. Id. ALJ Hill found, however, that "this degree of complaint is not documented elsewhere in the record." Id. Plaintiff "received trigger point injections, which provided some relief." Id. Because ALJ Hill rejected Plaintiff's migraine symptom testimony, he had no obligation to including any correlating limitations in the RFC. See Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008).

Even assuming Plaintiff is challenging ALJ Hill's rejection of Plaintiff's symptom testimony regarding her migraine headaches, Plaintiff fails to show harmful error. See Ludwig v. Astrue, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing Shinseki v. Sanders, 556 U.S. 396, 407-09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error). ALJ Hill rejected Plaintiff's migraine symptom testimony because it was inconsistent with the medical evidence. AR at 19. An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1161 (9th Cir. 2008) (citing Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir.1995)). As noted above, ALJ Hill found that Plaintiff's migraines were well-controlled on medication. See AR at 19, 235, 390-91, 402. As of February 2016, Plaintiff's symptoms primarily occurred with her menses, and were less intense. Id. at 19, 374.

Plaintiff has not provided even a single citation to the medical record contradicting ALJ Hill's evaluation of the evidence. See Pl. Op. Br. at 2-3; Pl. Reply Br. (Dkt. #11) at

1-2. Plaintiff has therefore failed to show that ALJ Hill erroneously interpreted the medical record in finding that it contradicted Plaintiff's migraine symptom testimony. See Ludwig, 681 F.3d at 1054 (citing Shinseki, 556 U.S. at 407-09).

## VII. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Commissioner's decision and DISMISSES this case with prejudice.

Dated this 30th day of October, 2019.

*[signature]*
ROBERT S. LASNIK
United States District Judge